IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

CONRAY CARROLL                                                                                                PETITIONER

v.                                      NO. 5:11CV00003 SWW/HDY

RAY HOBBS, Director of the                                                                                RESPONDENT
Arkansas Department of Correction

FINDINGS AND RECOMMENDATION

INSTRUCTIONS

The following findings and recommendation have been sent to United States District Judge Susan Webber Wright.  Any party may serve and file written objections to these findings and recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the Office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendation.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, Arkansas 72201-3325

DISPOSITION

Petitioner Conray Carroll ("Carroll") commenced the case at bar by filing an application to proceed in forma pauperis and joining it with a petition for a writ of mandamus pursuant to 28 U.S.C. 1361.[1]  The application was granted, and service of process was ordered.  The case was docketed, though, as one pursuant to 28 U.S.C. 2254.

The undersigned has now had an opportunity to thoroughly review the petition. For the reasons that follow, the undersigned recommends that the designation of this case be changed from one pursuant to 28 U.S.C. 2254 to one pursuant to 28 U.S.C. 1361 and additionally recommends that the petition be dismissed sua sponte because it is legally frivolous and otherwise fails to state a claim on which relief may be granted.

Liberally construing Carroll's pro se petition, he represents that he filed a civil rights complaint in Jefferson County, Arkansas, Circuit Court in November of 2009.  The complaint was later dismissed, and he appealed.  He represents that the following events have transpired on appeal:

> On July 20, 2010, [Carroll] received an acknowledgment from the Criminal Justice Coordinator that the Notice of Appeal had been received and that [he had] until ... August 30, 2010, to file [a brief] in support of [his] Notice of Appeal.

---

[1] 28 U.S.C. 1361 provides, in full, the following: "The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."

>On July 25, 2010, [Carroll] filed [a] Motion For Appointment Of Counsel to the Supreme Court Of Arkansas, Court Of Appeals. ...
>
>This Motion For Appointment Of Counsel was filed on record of the Clerk's office in the Supreme Court Of Arkansas on July 29, 2010. As of this date, the defendant [has] refused and/or failed to give [a] ... complete response to the Motion For Appointment Of Counsel.
>
>[Carroll] then filed [a] Motion For Extension Of Time to file the "Brief" until the Supreme Court [made] a ruling on the Motion For Appointment Of Counsel.
>
>On September 10, 2010, [Carroll] received another letter of acknowledgment from the Criminal Justice Coordinator in the Supreme Court Of Arkansas "stating" the Motion For Extension Of Time [had] been filed on record. However, as of this date, the defendant [has refused and/or] failed to give ... a complete response to the Motion For Extension Of Time.

See Document 2 at 2. In the petition at bar, Carroll asks the federal courts to issue a "Writ Of Mandamus to said defendant directing the Supreme Court Of Arkansas, Court Of Appeals to perform the duty that is owed to [him] by protecting [his] procedures and substantial due process rights under [the] Constitution[] [and] Laws of this State and ... the United States Constitution[] ..." See Document 2 at 3.

28 U.S.C. 2254 authorizes a federal court to entertain a petition for a writ of habeas corpus on behalf of a person in custody pursuant to a state court judgment. A petition pursuant to 28 U.S.C. 2254 may be entertained "only on the ground that [the state prisoner] is in custody in violation of the Constitution, laws, or treaties of the United States." See 28 U.S.C. 2254(a).

Carroll is in no way challenging the conviction for which he is presently incarcerated nor is he challenging a conviction and/or sentence that has been imposed but he is not yet serving. Instead, he is challenging an Arkansas appellate court's failure or refusal to act on motions he filed in his appeal of the dismissal of his state court civil rights complaint. His challenge is clearly outside the scope of 28 U.S.C. 2254.

The undersigned therefore recommends that the designation of this case be changed. The designation should be changed from one pursuant to 28 U.S.C. 2254 to one pursuant to 28 U.S.C. 1361.

Having so recommended, the undersigned finds that Carroll cannot obtain the relief he seeks in a petition pursuant to 28 U.S.C. 1361. It is well-settled that "federal courts have no superintending control over and are without authority to issue writs of mandamus to direct state courts or their judicial officers in the performance of their duties." See Veneri v. Circuit Court of Gasconade County, 528 F.Supp. 496, 498 (D.C.Mo. 1981). Carroll is requesting the identical relief in his petition, i.e., that the federal courts direct the judicial officers of the State of Arkansas in the performance of their duties in his appeal. The federal courts are simply not empowered to take such action.

The undersigned recognizes that sua sponte dismissals are not favored. See Haley v. Dormire, 845 F.2d 1488 (8th Cir. 1988). 28 U.S.C. 1915 nevertheless permits a federal court to screen the petition of a litigant proceeding in forma pauperis and dismiss it if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks

monetary relief against a defendant who is immune from such relief.  <u>See</u> 28 U.S.C. 1915(e)(2).  The undersigned finds that Carroll's petition is legally frivolous and otherwise fails to state a claim on which relief may be granted.  Because the petition is so, the undersigned recommends that it be dismissed <u>sua</u> <u>sponte</u>.

DATED this ___31___ day of January, 2011.


_____
UNITED STATES MAGISTRATE JUDGE